UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MAURICIO LUCAS-LOPEZ,

        Petitioner,

v.

TONY TRIERWEILER,

        Respondent.
_____/

Case No. 1:18-cv-1189

Honorable Janet T. Neff

# **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. <u>Factual allegations</u>

Petitioner Mauricio Lucas-Lopez is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia County, Michigan. In 2016, Petitioner was charged with first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b(2)(b), and second-degree criminal sexual conduct (CSC-II), Mich. Comp. Laws § 750.520c(2)(b), based on allegations by the daughter of Petitioner's former girlfriend. In a jury trial before the Kent County Circuit Court, the victim testified that Petitioner had sexually abused her from the time she was 4 or 6 years old until she was 8 years old. On one occasion, Petitioner brought her into a bedroom, took her clothes off, and penetrated her vagina with his finger and with his penis.

The jury convicted Petitioner of both counts. On October 25, 2016, the court sentenced Petitioner to 25 to 50 years' imprisonment for the CSC-I conviction and 7 1/2 to 15 years' imprisonment for the CSC-II conviction.

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed the trial court's judgment on February 15, 2018. The Michigan Supreme Court denied leave to appeal on July 3, 2018.

Petitioner subsequently filed his habeas corpus petition, raising the same three grounds for relief that he raised on appeal:

I. [Petitioner] was denied a fair trial because the jury was not instructed on second-degree CSC as a lesser charge to first-degree CSC.

II. The 25 year mandatory minimum sentence provided for under Mich. Comp. Law. Ann. § 750.250b(2)(B), violates the separation of powers doctrine.

III. The mandatory minimum under Mich. Comp. Law. Ann. § 750.250b(2)(B) is cruel and/or unusual punishment in violation of the state and federal constitutions.

(Pet., ECF No. 1, PageID.5, 7, 8.)

II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. \_\_, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court

precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

III.   Ground I:  Lesser-included offense instruction

Petitioner argues that the trial court denied him a fair trial because it did not provide the jury with an instruction that the jury could convict Petitioner of CSC-II, a lesser offense than

4

CSC-I. Petitioner contends that the jury might have convicted him of CSC-II instead of CSC-I if given the proper instruction.

In Michigan, a lesser-included offense instruction is proper when "'the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it.'" *People v. Lucas-Lopez*, No. 337603, 2018 WL 910470, at *2 (Mich. Ct. App. Feb. 15, 2018) (quoting *People v. Cornell*, 646 N.W.2d 127, 139 (Mich. 2002)). But "[a] lesser offense jury instruction may not be given for a cognate lesser offense [, which] is an offense that contains an element not found in the greater offense." *Id.* (citing *People v. Heft*, 829 N.W.2d 266, 270 (Mich. 2012)).

As Petitioner acknowledges in his brief in support of his petition, the Michigan Court of Appeals rejected Petitioner's argument by relying on the Michigan Supreme Court's holding in *People v. Lemons*, 562 N.W.2d 447 (Mich. 1997), that CSC-II is a *cognate* lesser offense of CSC-I, not a lesser-included offense. Petitioner believes that *Lemons* was wrongly decided, but this Court does not have authority to question the state court's interpretation of its own law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The question of whether CSC-II is a lesser-included offense of CSC-I or a cognate offense is purely an issue of state law. A decision by the Michigan Supreme Court on this issue is binding on this Court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983) ("[T]he views of the state's highest court with respect to state law are binding on the federal courts."). Thus, this Court is bound by *Lemons* and the state court's application of it to Petitioner's case.

Moreover, even if the state court had decided this issue incorrectly, Petitioner still would not be entitled to relief. This Court may only grant relief on the basis of federal law clearly established by the Supreme Court, but there is no clearly established federal law supporting

5

Petitioner's claim. "The Supreme Court . . . has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case. Simply put, 'the Constitution does not require a lesser-included offense instruction in non-capital cases.'" *McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014) (quoting *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001)). Accordingly, for all the foregoing reasons, Petitioner's claim is meritless.

IV.  Ground II: Mandatory minimum sentence violates separation of powers doctrine

Petitioner argues that the mandatory minimum sentence for a CSC-I conviction violates the separation of powers doctrine of the Michigan constitution. This claim is not cognizable in this action. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw*, 546 U.S. at 76; *Estelle*, 502 U.S. at 67-68; *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, the Court does not have power to correct an alleged violation of the Michigan Constitution. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (rejecting state prisoner's claim asserting a violation of the separation of powers).

V.  Ground III: Mandatory minimum sentence is cruel and unusual punishment

Petitioner asserts that the mandatory minimum sentence of 25 years' imprisonment for his CSC-I conviction is cruel and unusual punishment, in violation of the Michigan constitution and the Eighth Amendment to the United States Constitution.

To the extent Petitioner's claim is based on state law, he does not raise a cognizable claim. As indicated in the previous section, federal courts do not have power to intervene on the basis of a perceived violation of state law.

With respect to Petitioner's Eighth Amendment claim, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment. Consequently, Petitioner's claim is meritless.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated: December 4, 2018 /s/ Janet T. Neff
Janet T. Neff
United States District Judge